

CT Corporation
Service of Process Notification
11/28/2022
CT Log Number 542749502

## Service of Process Transmittal Summary

**TO:** Amanda Martin
NORTH AMERICAN LIGHTING, INC.
2275 S Main St
Paris, IL 61944-2963

**RE:** Process Served in Illinois

**FOR:** NORTH AMERICAN LIGHTING, INC. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KATHY ARTHUR // To: NORTH AMERICAN LIGHTING, INC. |
| **CASE #:** | 2022LA16 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/28/2022 at 14:49 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Chad Thompson  chad_thompson@nal.com |
| | Email Notification, Amanda Martin  amanda_martin@nal.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Nov 28, 2022
**Server Name:** Matthew Bert

| Entity Served | NORTH AMERICAN LIGHTING, INC. |
|---|---|
| Case Number | 2022 LA 16 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
EDGAR COUNTY, ILLINOIS

| | |
|---|---|
| KATHY ARTHUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. **2022LA16** |
| ) | |
| NORTH AMERICAN LIGHTING, INC. and ) | |
| LARON DULIN, ) | |
| ) | |
| Defendants. ) | |

## SUMMONS

To each defendant:   North American Lighting, Inc.
c/o CT Corporation System
209 S. LaSalle St., Suite 814
Chicago, IL 60604

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, Edgar County Courthouse, 115 W Court Street, Paris, Illinois 61944, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-Filing is now mandatory for documents in civil cases with limited exceptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

(Seal of Court)

11/23/2022
WITNESS _Angela R Barrett_, 2019

CDK   (Clerk of the Court)

By_____
(Deputy)

MAHONEY LAW FIRM, LLC
Attorneys at Law
1 Ginger Creek Parkway
Glen Carbon, IL 62034
Telephone:    (618) 961-8288
Facsimile:      (618) 961-8289

|                    |                           |
|--------------------|---------------------------|
| SHERIFF'S FEES     | (Service and return .................$_____ |
|                    | (Miles _____ ................. _____ |
|                    | (Total.....................................$_____ |

Sheriff of _____ County

I certify that I served this summons on defendant as follows:

(a) (Individual defendants -- personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.)

_____
_____
_____

(b) (Individual defendants - abode):
By leaving a copy of this Complaint at the usual place of abode of the defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the Complaint. (The officer of other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the Complaint. and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the Complaint as left with such person.

_____
_____
_____

and also, by sending a copy of the Complaint in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode, as follows:

| Name | Mailing Address | Date of Mailing |
|------|-----------------|-----------------|
|      |                 |                 |

| Name | Mailing Address | Date of Mailing |
|------|-----------------|-----------------|
|      |                 |                 |

(c) (Corporation defendants):  By leaving a copy of this Complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Corporation | Officer/Agent | Date of Service |
|-------------|---------------|-----------------|
|             |               |                 |

(d) (Other service):

_____
_____

SHERIFF OF _____

BY _____

2:22-cv-02276-CSB-EIL  # 1-2  Filed: 12/21/22  Page 5 of 12

FILE
11/22/2022 3:34 P
Angela R Barre
Circuit Clerk, 5th Judicial Circu
Edgar Coun

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
EDGAR COUNTY, ILLINOIS

| | |
|---|---|
| KATHY ARTHUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **2022LA16** |
| v. ) | |
| ) | |
| NORTH AMERICAN LIGHTING, INC. and ) | |
| LARON DULIN, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Kathy Arthur, by and through her attorneys, Mahoney Law Firm, LLC, and for her Complaint against Defendants, North American Lighting, Inc. and Laron Dulin, states as follows:

### GENERAL ALLEGATIONS

1. At all times relevant herein, Plaintiff, Kathy Arthur, was a resident of Coles County, State of Illinois.

2. At all times relevant herein, Defendant, North American Lighting, Inc. ("NAL"), was and is a Michigan corporation; was duly registered to conduct business in the State of Illinois; was conducting business in the State of Illinois; and continues to transact business in the State of Illinois, including Edgar County, State of Illinois.

3. Upon information and belief, at all times relevant herein, Defendant, Laron Dulin ("Dulin"), was a resident of Edgar County, State of Illinois.

4. At all times relevant herein, Defendant, NAL, owned and operated within its corporate structure, a manufacturing plant located in Paris, Illinois (the "Paris Plant").

Page 1 of 17

5. At all times relevant herein, Plaintiff, Kathy Arthur, was working as an employee for Defendant, NAL, at the Paris Plant, and Defendant, NAL, was Plaintiff's direct employer at the time of the events alleged herein.

6. At all times relevant herein, Defendant, Dulin, was employed by Defendant, NAL, and was Plaintiff's direct supervisor, and had the power to directly affect the terms and conditions of her employment.

7. At all times relevant herein, Defendant, Dulin, was acting within the course and scope of his employment with Defendant, NAL.

8. Further, at all times relevant herein, based on his numerous responsibilities and his control over Kathy Arthur, Defendant, Dulin, was the alter-ego of Defendant, NAL.

9. On or about July 11, 2022, Plaintiff, Kathy Arthur, was hired by Defendant, NAL, to work at the Paris Plant in Quality Control.

10. At or about that time, Plaintiff worked under her team lead and supervisor, Defendant, Dulin, who was the Quality Control Specialist.

11. Beginning on or about July 11, 2022, and continuing through August 8, 2022, Defendant, Dulin, made unwelcome sexually charged comments and sexual advances towards Plaintiff, and would attempt to physically rub against her and press his body against her without her consent.

12. During the aforementioned timeframe, Defendant, Dulin, would tell Plaintiff on numerous occasions that he was single and that he would be a good man for her, he would ask Plaintiff if she squirts, he would sing sexually charged songs to her, offered to take photos of her, and would try to rub up against her and press his body against her.

13. At all times relevant herein, Plaintiff made clear to Defendant, Dulin, that his inappropriate sexual comments and advances were unwelcome.

14. Following Plaintiff's rejection of Defendant Dulin's advances, Dulin made her life difficult at work and treated her differently than the other similarly situated female employees.

15. On or about August 8, 2022, Plaintiff reported the sexual harassment by her supervisor to human resources for Defendant, NAL.

16. Following Plaintiff's reporting of sexual harassment by Defendant, Dulin, she was forced to continue working with him in or near his designated area of the Paris Plant, during which time Dulin harassed her during her shift, told her he missed her, and again inappropriately pressed his body against her, which was caught on surveillance video by Defendant, NAL.

17. Upon information and belief, Defendant, Dulin, had been previously reported for sexual harassment at the Paris Plant.

18. On or about August 10, 2022, Defendant, Dulin, was terminated by Defendant, NAL.

19. Following Defendant Dulin's termination, Defendant, NAL, held a meeting at the Paris Plant and informed everyone that Dulin was fired for sexual harassment.

20. Following the foregoing announcement, Plaintiff felt extremely uncomfortable at the Paris Plant because she was known as the new girl who got the guy fired who worked there for six years. Plaintiff's coworkers would make jokes, such as, "don't turn me into HR."

21. As a result of the foregoing hostile work environment, Plaintiff felt she had no choice but to resign rather than to continue working under those conditions.

22. On or about August 17, 2022, Plaintiff resigned from her employment with Defendant, NAL.

## JURISDICTION & VENUE

23. This Court has jurisdiction of the subject matter pursuant to 735 ILCS 5/2-209(a)(1), (a)(2) and (a)(3) as Defendants transact business in this State, committed tortious acts in this State, and/or own, use and possess real estate in this State.

24. Venue is proper in Edgar County, Illinois, pursuant to 735 ILCS 5/2-101, in that all of the events, acts, and/or omissions giving rise to the claims herein occurred in Edgar County, Illinois.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964 – Sexual Harassment
### Kathy Arthur v. North American Lighting, Inc.

COMES NOW Plaintiff, Kathy Arthur, by and through her attorneys, Mahoney Law Firm, LLC, and for Count I of her Complaint against Defendant, North American Lighting, Inc. ("NAL"), states as follows:

25. Plaintiff hereby incorporates Paragraphs 1 through 24 herein as though fully set forth hereunder.

26. At no time did Plaintiff consent to the aforementioned sexual harassment or sexual advances by Defendant, Dulin, and at no time was any of the intentional and unlawful conduct set forth herein justified.

27. At all times relevant herein, Defendant, Dulin, as the Quality Control Specialist, and thereby acting in a managerial capacity at the time of the aforementioned conduct, was acting as the alter ego of Defendant, NAL.

28. The aforementioned conduct altered the terms and conditions of Plaintiff's employment.

29. The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

32. At all times relevant herein, Defendant, NAL, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h), and an Illinois employer within the meaning of the Illinois Civil Rights Act (775 ILCS 5/2-101).

33. Based on the extreme and outrageous conduct outline above, Defendant, Dulin, as agent and employee of Defendant, NAL, sexually harassed Plaintiff, and as a result of Defendant Dulin's managerial capacity, Defendant, NAL, has violated Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act (775 ILCS 5/2-101, *et seq.*).

34. As a direct and proximate result of the aforesaid acts, Plaintiff was discriminated against in the terms of her employment on the basis of sex by Defendant, Dulin, the alter ego of Defendant, NAL, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and the Illinois Human Rights Act (775 ILCS 5/2-101, *et seq.*).

35. Upon information and belief, despite previous complaints of sexual harassment committed by Defendant, Dulin, Defendant, NAL, failed to take appropriate corrective action to end the acts of sexual harassment, and as a result of the above knowledge and conduct of Defendant, NAL, NAL has violated Title VII of the Civil Rights Act of 1964 and the Illinois

Human Rights act, and is liable to Plaintiff for damages she suffered as a result of its inaction in the face of knowledge of the conduct complained.

36. Prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant, NAL, and therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

37. As a further direct and proximate result of Defendant NAL's violation of Title VII of the Civil Rights Act of 1964 and/or Illinois Human Rights Act, Plaintiff was forced to endure multiple acts of sexual harassment by her supervisor; Plaintiff has suffered severe emotional distress; she has lost wages and benefits she would have otherwise received, but for the sexual harassment; and may suffer such lost wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Kathy Arthur, requests that judgment be entered on her behalf against Defendant, North American Lighting, Inc., for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

## COUNT II
### *Intentional Infliction of Emotional Distress*
### *Kathy Arthur v. Laron Dulin*

COMES NOW Plaintiff, Kathy Arthur, by and through her attorneys, Mahoney Law Firm, LLC, and for Count II of her Complaint against Defendant, Laron Dulin ("Dulin"), states as follows:

25.     Plaintiff hereby incorporates Paragraphs 1 through 24 herein as though fully set forth hereunder.

26.     At no time did Plaintiff consent to the aforementioned sexual harassment or sexual advances by Defendant, Dulin, and at no time was any of the intentional and unlawful conduct set forth herein justified.

27.     The acts complained of above were intentional.

28.     Based on the extreme and outrageous conduct outlined above, Defendant Dulin, intentionally and recklessly intended to cause Plaintiff to suffer severe emotional distress or should have known that such outrageous conduct would cause Plaintiff to suffer from severe emotional distress.

29.     At all times relevant herein, Defendant Dulin's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

30.     As a direct and proximate result of Defendant Dulin's intentional and reckless conduct, and the multiple acts of sexual harassment upon Plaintiff by Defendant Dulin, Plaintiff has suffered severe emotional distress; she has lost wages and benefits she would have otherwise received, but for Defendant Dulin's conduct; and may suffer such lost wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Kathy Arthur, requests that judgment be entered on her behalf against Defendant, Laron Dulin, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

Respectfully submitted,

By:   /s/ Ryan J. Mahoney
      Ryan J. Mahoney, #6290113
      MAHONEY LAW FIRM, LLC
      1 Ginger Creek Parkway
      Glen Carbon, IL  62034
      Telephone:    618-961-8288
      Facsimile:     618-961-8289
      ryan@themahoneylawfirm.com
      ***Attorneys for Plaintiff***